IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02947–MDB

JOSHUA WARREN LABONTE,

Plaintiff,

v.

BOKF, N.A.,
UNIVERSAL LENDING CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
CHUCK BROERMAN, Public Trustee,

Defendants.

---

## ORDER

---

This matter is before the Court on Universal Lending Corporation's ("ULC") Motion to

Dismiss Plaintiff's Amended Complaint (Doc. No. 36), the Motion to Dismiss First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Bokf, N.A. ("Bokf") and

Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. No. 37), and Defendant

Broerman's ("Mr. Broerman") Motion to Dismiss Amended Complaint Under Fed. R. Civ. P.

12(b)(1) and (6) (Doc. No. 38) (collectively, the Motions). Plaintiff has filed responses in

opposition to each Motion.[1] (Doc. No. 39 (response to Mr. Broerman); Doc. No. 40 (response to

---

[1] Plaintiff's responses appear to contain multiple inaccuracies that may stem from the improper use of generative artificial intelligence. Although the Court does not attempt to catalogue every such error, several illustrative examples suffice. First, in Doc. No. 39 at page 10, Plaintiff attributes to *Citizen Center v. Gessler*, 770 F.3d 900, 913 (10th Cir.), a quotation cautioning against dismissals that would "strip a court of its ability to afford complete relief." That language

Bokf and MERS); Doc. No. 41 (response to ULC).) Defendants have replied in support of their

Motions. (Doc. Nos. 45; 46; 47.) After reviewing the Motions, briefing, and relevant law, the

Court **GRANTS** the Motions.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is granting Defendants' Motions to Dismiss and closing this case. The TILA,

CCPA, and fraudulent misrepresentation claims are time-barred. Additionally, the allegations do

not support a quite title claim, and the request for injunctive relief has no basis because all

underlying claims are being dismissed. This is only a high-level summary of the Court's Order.

The full decision is set forth below.

## BACKGROUND

This case arises out of foreclosure proceedings related to Plaintiff's property at 7168

Spring Linden Ct., Colorado Springs, CO 80927 (the "Property"). (*See generally* Doc. No. 31.)

Plaintiff alleges that on October 2, 2020, he secured a mortgage loan with ULC for the Property.

(*Id.* at ¶ 11.) Plaintiff says his loan agreement did not include certain disclosures required by the

Truth in Lending Act ("TILA"):

- "Loan Estimate within three business days of application";

---

does not appear in *Gessler*. Second, in Doc. No. 40 at page 14, Plaintiff cites "Harris v. Sand Canyon Corp., 2011 WL 13176128." Although *Harris* is a real case, its correct citation is 274 F.R.D. 556, and it does not appear to stand for the proposition asserted by Plaintiff. Finally, in Doc. No. 41 at page 10, Plaintiff cites "Sterling v. Velsicol Chem. Corp., 855 P.2d 1188," calling it a decision by a "Colorado court." *Sterling* is a real case, but its correct citation is 855 F.2d 1188. Moreover, *Sterling* was decided by the Sixth Circuit, not a Colorado court, and appears to have no connection to the proposition for which Plaintiff cites it. On careful consideration of the errors and circumstances of this case, including its dismissal as set forth herein, the Court declines to impose any disciplinary sanctions. However, the Court strongly condemns the submission of inaccurate citations and mischaracterized authority. Such errors undermine the reliability of Plaintiff's filings and diminish Plaintiff's credibility.

- "Closing Disclosure three business days prior to consummation";

- "Accurate APR and Finance Charge calculations due to the [non-]disclosure of Yield Spread Premium"

- "Itemization of Amount Financed or Good Faith Estimate"; and,

- "HUD Loan Information Booklet."

(*Id.* at ¶ 13.)

Plaintiff further alleges that the yield spread premium "increased the interest rate and total finance charge," but this fact was "concealed." (*Id.* at ¶ 14.) He also alleges the annual percentage rate was "overstated by 0.259 percent," and "beyond the tolerance of ± 0.125 percent." (*Id.* at ¶ 15.) Finally, Plaintiff says the "closing documents also failed to disclose non-payment, default, and acceleration clauses." (*Id.*)

According to Plaintiff, on August 19, 2025, Bokf issued a "a Notice of Election and Demand for Sale," "initiating nonjudicial foreclosure" of the 7168 Spring Linden Ct property pursuant to Colorado Rule of Civil Procedure 120. (*Id.* at ¶ 16.) Apparently, at some unspecified time during the fall of 2025, the state court granted Bokf's Rule 120 petition and authorized the foreclosure of Plaintiff's property. (*See id.* at 35–38.)

Plaintiff filed the instant action on September 19, 2025, seeking to enjoin the foreclosure proceedings (Claim 5). (*Id.* at ¶¶ 35–38.) In support of this request for relief, Plaintiff brings claims under TILA (Claim 1) and the Colorado Consumer Protection Act ("CCPA") (Claim 2), (*id.* at ¶¶ 19–26), as well as for fraudulent misrepresentation (Claim 3) (*id.* at ¶¶ 27–32). Additionally, Plaintiff asks to quiet title (Claim 4). (*Id.* at 33–34.) Bokf is a Defendant to each

claim, ULC is a Defendant to Claims 1 through 4, MERS is a Defendant to Claims 4 and 5, and Mr. Broerman is a Defendant to Claim 5. (*See id.* at ¶¶ 19–38.)

Defendants seek dismissal of all claims. ULC and Bokf argue Plaintiff's TILA, CCPA, and fraudulent misrepresentation claims are time-barred and insufficiently pled. (*See* Doc. No. 36 at 5–14; Doc. No. 37 at 6–13; *see also* Doc. No. 38 at 5–7.) Additionally, Bokf and Mr. Broerman argue that Plaintiff has failed to state a quiet title or injunctive relief claim. (Doc. No. 37 at 13–15.) Mr. Broerman also argues the Court must abstain from enjoining the foreclosure proceedings under the *Rooker-Feldman* doctrine. (Doc. No. 38 at 4–5.) ULC and MERS have also filed a disclaimer of interest as to the subject property. (Doc. Nos. 23, 50; *see also* Doc. No. 37 at 2 ("MERS was the original beneficiary of the Deed of Trust ....MERS assigned the Deed of Trust to BOKF. Thus, MERS no longer holds an interest in the Property and should be dismissed from Counts IV and V of Amended Complaint." (internal citation omitted))).

## LEGAL STANDARD

### I.    Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case but a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the complaint's allegations. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A challenge to subject matter jurisdiction may take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*,

46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56. *Id.* at 1003.

## II.     Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view these allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the "burden [remains] on the plaintiff to frame a 'complaint with enough factual matter to suggest' that [they are] entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)). Ultimately, the Court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.    *Pro se* Plaintiff

In applying the above principles, this Court is mindful Plaintiff proceeds *pro se* and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive

law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.    *Rooker-Feldman* **Doctrine**

Because Defendant Broerman's *Rooker-Feldman* argument implicates the Court's subject matter jurisdiction, the Court addresses it first. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012) (stating that *Rooker-Feldman* is jurisdictional); *State v. Nat'l Indian Gaming Comm'n*, 151 F. Supp. 3d 1199, 1208 (D. Kan. 2015) ("When faced with motions for dismissal relying on both [Rule 12(b)(1) and (6)], a court must first determine whether it has subject matter jurisdiction over the controversy before addressing the merits of the case under a Rule 12(b)(6) analysis." (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)), *aff'd sub nom. Kansas ex rel. Schmidt v. Zinke*, 861 F.3d 1024 (10th Cir. 2017).

"The *Rooker-Feldman* doctrine provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)) (alteration omitted); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The doctrine prevents lower federal courts from exercising jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to claims where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district

court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284). "Where these factors exist, [a federal district court] lack[s] subject matter jurisdiction." *Id.* (citing *Lance*, 546 U.S. at 465).

Plaintiff argues *Rooker-Feldman* is not implicated here because a Rule 120 foreclosure order is not a final judgment, and the foreclosure sale has yet to occur. (Doc. No. 39 at 3–5.) Plaintiff is correct. Courts have repeatedly held that *Rooker-Feldman* bars federal claims attacking *completed* foreclosure proceedings—i.e., claims seeking to undo the sale of a foreclosed property, *see, e.g.*, *Viegas v. Partner Colorado Credit Union*, 2025 WL 365865, at *5 (D. Colo. Jan. 31, 2025) (collecting cases), or claims challenging a state court proceeding that affirmed a Rule 120 order, *see Grigat v. Mortg. Lenders Network, USA*, 2017 WL 4251943, at *3 (D. Colo. Sept. 26, 2017) ("[I]f a state court has approved the sale of a property and a plaintiff subsequently files suit in federal court asserting claims that are inextricably intertwined with the foreclosure proceeding, federal courts lack jurisdiction over the claims."), *report and recommendation adopted sub nom. Grigat v. Mortg. Lenders Network USA, Inc.*, 2017 WL 6033686 (D. Colo. Oct. 31, 2017).

But here, the case is brought *prior* to a foreclosure sale and in the absence of any state court proceeding confirming the Rule 120 order. *See Grigat*, 2017 WL 4251943 at *3 ("However, if the state court has only authorized the sale, the proceedings are not final, and federal district courts may exercise jurisdiction." (citing *Miller*, 666 F. 3d at 1261–62)). The Tenth Circuit has made clear that the *Rooker–Feldman* doctrine does not operate to preclude federal consideration of requests to enjoin a *pending* foreclosure sale. *See McDonald v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 334813, at *3 (D. Colo. Jan. 30, 2014). As the Tenth

Circuit has noted, Rule 120 proceedings are non-adversarial and "Rule 120 itself provides that '[t]he granting of [a Rule 120 motion] shall be *without prejudice* to the right of any person aggrieved to seek *injunctive or other relief* in any court of competent jurisdiction[.]'" *In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012) (quoting Colo. R. Civ. P. 120(d)(4)); *see Lanier v. Sylvester*, 2008 WL 4830797, at *3 (D.Colo. Nov. 4, 2008) ("Rule 120 limits the scope of the hearing to issues regarding whether a default has occurred[.]").

As such, the Court finds it has subject matter jurisdiction over Plaintiff's request for injunctive relief and turns to consider the Rule 12(b)(6) challenge. *See Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1137 (D. Colo. 2019) ("[T]he Court finds that Rule 120 proceedings do not carry sufficient finality for *Rooker-Feldman* to apply.").

## II.   Statute of Limitations

Defendants argue Plaintiff's TILA, CCPA, and fraudulent misrepresentations claims are time-barred.[2] The Court agrees.

### A.  TILA

The TILA's civil liability provision states: "any [TILA] action ... may be brought ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "A violation occurs, and the one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made.'" *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp.

---

[2] "An affirmative defense based on the statute of limitations can be resolved in a Rule12(b)(6) motion to dismiss if the relevant dates are clear from the face of the complaint." *Ulm v. Bank of Am., N.A.*, 2019 WL 859708, at *4 (D. Colo. Feb. 22, 2019) (citing *Aldrich v. McCulloch Prop. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980), *report and recommendation adopted*, 2019 WL 1236747 (D. Colo. Mar. 18, 2019).

2d 1253, 1258 (D. Colo. 2004) (quoting *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d

641, 646 (8th Cir. 1980). Accordingly, Plaintiff's TILA claim is subject to a one-year statute of

limitations, which began running when the mortgage transaction was consummated in 2020. (*See*

Doc. No. 31 at ¶ 11.) Because this case was initiated in September 2025 (Doc. No. 1), Plaintiff's

TILA claim is barred.

Plaintiff relies on the "recoupment" or "set-off" provision in § 1640(e), to argue the

claim is not time-barred. The argument is without merit. That section allows a borrower to assert

TILA violations as a "defense" in "an action to collect [a] debt which was brought more than one

year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). But Plaintiff is not

using the alleged TILA violations as a "defense." He asserts them as affirmative claims. *See*

*Rosenfield v. HSBC Bank, USA*, 2010 WL 3489926, at *3 (D. Colo. Aug. 31, 2010) (rejecting

plaintiff's argument that section 1640(e)'s statute of limitation did not apply because "the

Plaintiff's damage claims are not asserted in a defensive capacity as setoffs to a debt ... but

rather, are offensive in nature"), *aff'd*, 681 F.3d 1172 (10th Cir. 2012). Additionally, and even

assuming the Court construed the TILA claim as a "defense," the underlying Rule 120

foreclosure proceeding is not an "action to collect [a] debt." *See Rosenfield*, 2010 WL 3489926,

at *3 ("Because a Rule 120 proceeding is not a means by which a creditor can 'collect the debt,'

Colorado's courts have made it clear that claims for damages by debtors, whether they be

independent or cognizable as recoupment or setoff, are not proper subjects for consideration

within the Rule 120 hearing." (citing *Plymouth Capital Co. v. District Court,* 955 P.2d 1014,

1017 (Colo.1998)); *see also Mortg. Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1183

(Colo. 2003), *as modified on denial of reh'g* (June 9, 2003) (distinguishing an action for "the

enforcement of debts" from a "foreclosure on a deed of trust" in order to determine the proper statute of limitations in a different context). Thus, § 1640(e)'s exception to the limitations period does not apply to the TILA claim here. *See Savard v. JP Morgan Chase Bank, N.A.*, 2010 WL 2802543, at *5 (D. Colo. July 14, 2010) ("A debtor who brings a creditor into court may not revive a time-barred claim by characterizing the suit as a defense to an illegal [foreclosure action]"); *Kraft v. JP Morgan Chase Bank, Nat. Ass'n*, 2010 WL 4869099, at *5 (D. Colo. Nov. 23, 2010) ("Plaintiff's passing reference to offsets and recoupment, concepts which apply only in defense of a creditor's claim ... is insufficient to demonstrate a viable claim outside TILA's one-year statute of limitations.").

Still, the Court considers whether the TILA claim should be equitably tolled. "[U]nder certain circumstances, 'equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice.'" *Shell Western E&P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1007 (Colo. 1997) (quoting *Dean Witter*, 911 P.2d at 1096). "Equitable exceptions, however, have been narrowly construed" and require a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Plaintiff does not provide any basis for equitable tolling. At most, Plaintiff appears to allege that he did not discover the alleged errors and missing documents until he had a "professional audit" conducted five years after the transaction. (*See, e.g.*, Doc. No. 31 at ¶ 11–18; Doc. No. 40 at ¶ 49–51.) But this insufficient to justify the extraordinary remedy of equitable tolling. The documents at issue were available to Plaintiff at the time of the transaction, and his

*pro se* status and inability to identify the issues or allegedly missing documents without a professional audit, does not justify the delay. *Montoya v. Chao,* 296 F.3d 952, 958 (10th Cir. 2002) (holding that difficulties faced by all litigants are insufficient to justify equitable tolling); *see also Centennial Bankshares, Inc. v. Utah through Utah Dep't of Fin. Institutions*, 834 F. App'x 448, 452 (10th Cir. 2020) ("[E]quitable tolling is not available for those who could have known of the relevant information but inexcusably and unreasonably slept on their rights." (applying Utah law)). Additionally, there is no evidence that Defendants interfered or otherwise prevented Plaintiff from reasonable diligence. *See Dalton v. Countrywide Home Loans, Inc*., 828 F. Supp. 2d 1242, 1249 (D. Colo. 2011) (rejecting an equitable tolling argument where "Plaintiff has not alleged that Defendants prevented her from determining that there were inadequacies in their disclosures under TILA ... and Plaintiff is unable to argue that she worked diligently to make this determination when she admits that she did not read any of the loan documents in detail at the time the loans closed").

### B. CCPA and Fraudulent Misrepresentation

Plaintiff's CCPA and fraudulent misrepresentation claims are subject to three-year statutes of limitations. Col. Rev. Stat. § 6–1–115 ("All actions brought under [the CCPA] must be commenced within three years after the date on which the false, misleading, or deceptive act or practice occurred[.]"); *Ulm v. Bank of Am., N.A.*, 2019 WL 859708, at *4 (D. Colo. Feb. 22, 2019) ("Under Colorado law, the statute[ ] of limitations for fraud ... [is] three years after the cause of action accrues." (citing Colo. Rev. Stat. § 13-80-101(1)(c))). These claims, filed nearly five years after the mortgage transaction at issue, are also time-barred. Moreover, for the same

reasons discussed above (*see supra* at 10–11), the allegations do not support equitable tolling. Accordingly, these claims are dismissed.

### III.    Plaintiff's Request for Declaratory and Injunctive Relief

All that remains is Plaintiff's request that the Court quiet title in his name (Claim 4) and enjoin the pending foreclosure sale (Claim 5). These claims must also be dismissed.

Quiet title actions are governed by Colo. R. Civ. P. 105, which authorizes "[a]n action ... brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession" *Hinojos v. Lohmann*, 182 P.3d 692, 696-97 (Colo. App. 2008) (citing Colo. R. Civ. P. 105(a)). "A plaintiff in an action to quiet title 'must rely on the strength of his own title thereto' and cannot succeed by challenging defendant[']s title." *Knowles v. Bank of Am., N.A.*, 2012 WL 5882570, at *5 (D. Colo. Nov. 21, 2012) (quoting *School Dist. No. 6 in Weld Cnty. v. Russell*, 156 Colo. 75, 396 P.2d 929, 932 (Colo.1964)).

Here, the Amended Complaint predicates the quiet title theory on the alleged TILA, CCPA, and common law violations underlying the dismissed statutory claims. (*See* Doc. No. 31 at ¶ 33–34 ("Because of Defendants' material statutory and fraudulent violations, the purported Deed of Trust is void or voidable. Plaintiff is the lawful owner of the property and seeks a declaration quieting title in his name[.]").) However, because such allegations do not explain why Plaintiff's title is superior to Defendants' interest, Plaintiff has failed to state a plausible quiet title claim. *See Knowles*, 2012 WL 5882570, at *5 (dismissing a quiet title claim where "[t]he plaintiffs spent the majority of the complaint attacking defendants' claims to title and said little about the strength of their own title to the property"); *McKinsey v. GMAC Mortg., LLC*,

2013 WL 3448483, at *14 (D. Colo. July 9, 2013), *aff'd*, 574 F. App'x 818 (10th Cir. 2014) (dismissing a quiet title claim where "Plaintiffs have not alleged any facts demonstrating that they have title to the property that is superior to that of any of the defendants").[3]

Finally, Plaintiff's request for a permanent injunction preventing foreclosure is not an independent cause of action but a form of relief contingent on merits success. *See Romstad v. City of Colorado Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016) (unpublished) ("An injunction is not an independent cause of action; it is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed ...."). Because Plaintiff's TILA, CCPA, and common law claims are dismissed, there is no basis for equitable relief. Thus, Plaintiff cannot demonstrate entitlement to a permanent injunction, and the request is dismissed. *See zvelo, Inc. v. Akamai Techs., Inc.*, 2019 WL 4751809, at *6 (D. Colo. Sept. 30, 2019) ("Because the Court has dismissed plaintiff's substantive claims, there is no remaining claim for which plaintiff could seek injunctive relief.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Universal Lending Corporation's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 36), the Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Bokf, N.A. and Mortgage Electronic Registration Systems, Inc. (Doc. No. 37), and Defendant Broerman's (Motion to

---

[3] Moreover, even *if* Plaintiff's TILA and CCPA-based allegations were deemed allegations explaining why Plaintiff's title is superior to Defendants' interest, Plaintiff has not cited, and the Court has not found, support for the proposition that the TILA or CCPA provides a mechanism by which alleged statutory violations, without more, invalidate a deed of trust or establish a borrower's superior title. At most, such statutes provide remedial relief sounding in damages or unwinding of the transaction, which is fundamentally distinct from a quiet-title determination

Dismiss Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and (6) (Doc. No. 38) are

**GRANTED**. Plaintiff's Claims 1 through 3 are dismissed with prejudice, and Claims 4 and 5 are

dismissed without prejudice. The Clerk of Court is directed to close this case.

Dated this 10th day of February, 2026.

**BY THE COURT:**

_____

Maritza Dominguez Braswell
United States Magistrate Judge